# EXHIBIT 1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THOMAS SCHEHL
   Vs.
NATURES TREES, INC.

C.A. No.     2014 CA 004857 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge HERBERT B DIXON JR
Date:  August 6, 2014
Initial Conference: 9:30 am, Friday, November 07, 2014
Location:  Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Thomas Schehl
_____
Plaintiff

vs.

Natures Trees, Inc. d/b/a Sav-A-Tree
_____
Defendant

14 - 0 0 0 4 8 5 7

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David W. Brown
_____
Name of Plaintiff's Attorney

401 E. Jefferson St., Ste 206
_____
Address
Rockville, MD  20850

301-545-6100
_____
Telephone

*Clerk of the Court*

By  _adrienne J. marsh_
                              Deputy Clerk

Date  8/6/14

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                   CASUM.doc




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Thomas Schehl

_____
Demandante

contra

Natures Trees, Inc. d/b/a Sav-A-Tree

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

David W. Brown                                          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

401 E. Jefferson St., Ste. 206          Por: _____
Dirección                                                           Subsecretario
Rockville, MD  20850

301-545-6100                                    Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오    ኢማኝ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

RECEIVED AND RETURNED
Civil Clerk's Office

AUG 0 6 2014

Superior Court of the
District of Columbia
Washington, D.C.

**IN THE SUPERIOR COURT
FOR WASHINGTON, D.C.**

THOMAS SCHEHL                                  :
3010 New Mexico Avenue, N.W.           :
Washington, DC  20016,                        :          **14 - 0 0 0 4 8 5 7**
                                                            :
             Plaintiff,                            :   Civil Case No. _____
                                                            :
             v.                                        :
                                                            :   **COMPLAINT**
NATURES TREES, INC.                         :   (Breach of Contract)
d/b/a SAV-A-TREE                              :
 550 Bedford Road                              :
Bedford Hills, NY 10597                       :
                                                            :
   SERVE:       NATURES TREES, INC.    :
                    550 Bedford Road         :
                    Bedford Hills, New York 10597   :
                                                            :
   and            SAV-A-TREE                  :
                    1057 First Street          :
                    Rockville, Maryland  20850   :
                                                            :
             Defendant.                          :

**COMPLAINT
(Breach of Contract and
Negligent Misrepresentation)**

Plaintiff, Thomas Schehl, by and through undersigned counsel, sues defendant, Natures

Trees, Inc. d/b/a Sav-A-Tree, and state as follows:

**NATURE OF THE ACTION**

1.      This is an action seeking redress for breach of contract and/or negligent

misrepresentation in connection with the destruction of a specimen tree growing on property

plaintiff owns and has his residence on in the District of Columbia, and other losses suffered by

plaintiff as a direct consequence of defendant's actions on plaintiff's property.  Plaintiff seeks

compensatory damages as well as a declaratory judgment that plaintiff delegated responsibility to

1

defendant to ensure that removal of the tree was in accordance with the laws, regulations and permitting requirements of the District of Columbia relating to specimen trees.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, Thomas Schehl, is an adult resident of the District of Columbia. Plaintiff owns and resides at the property with the address 3010 New Mexico Avenue, NW, Washington, DC 20016 (the "Property").

3.      Nature's Trees, Inc. is a New York corporation with a principal office at 550 Bedford Road, Bedford Hills, New York 10597. Nature's Trees does business, *inter alia*, as Sav-A-Tree. Defendant will be referred to herein as "Sav-A-Tree". To plaintiff's knowledge, Sav-A-Tree has not registered with the Mayor to do business in the District of Columbia as a foreign corporation and has no resident agent in the District of Columbia.

4.      Subject matter jurisdiction is conferred by D.C. Code § 11-921(a). This Court has personal jurisdiction over defendant pursuant to D.C. Code §§ 13-423(a)(1) and (b), in that defendant has transacted business in the District of Columbia out of which the claims stated herein arose.

5.      The District of Columbia is the proper venue for this action, given that it is where plaintiff resides and where the claims arose, and given that the action concerns damage to real property in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6.      Prior to actions taken by defendant in 2013, plaintiff enjoyed the presence of a 42" diameter American Beech tree on the Property (the "42" Beech"). The 42" Beech consisted of two large leads, separating from a crotch above the breast height on the main trunk.

7.     Following routine maintenance in late 2012 on the 42" Beech, plaintiff learned from Capital Tree Care, Inc. that the tree had a large cavity and may be hazardous.

8.     Plaintiff wished to avoid loss of the 42" Beech and therefore further investigated whether it needed to be removed from the Property.

9.     To this end, plaintiff entered into a contract with Sav-A-Tree on February 22, 2013, prepared by Kyle Offerdahl of Sav-A-Tree to (a) perform an aerial inspection of the 42" Beech's tree canopy and take photographs of areas of decay and prior pruning cuts on the 42" Beech; (b) perform resistograph analysis of the areas of suspected decay on the 42" Beech, producing at least five resistograph reports, and (c) provide a written assessment and recommendation on future actions on or care of the 42" Beech, based on Sav-A-Tree's inspection and testing.

10.     Sav-A-Tree purportedly performed the work contracted for some time between February 22, 2013 and March 11, 2013.

11.     Rather than provide a written report and recommendation to plaintiff, Mr. Offendahl gave plaintiff an oral report on Sav-A-Tree's findings and recommendation, on or about March 11, 2013.

12.     Mr. Offerdahl told plaintiff that a section of the 42" Beech, extending from the crotch to 10' up the right leader was 90% decayed, and provided plaintiff with a photograph of the tree showing the lead claimed to be decayed, and the unexplained technical, graphical readout from the resistograph analysis.  Mr. Offerdahl marked up the photograph as follows: "Decay 90% of leader" and "Decay extends 10' up right leader per resistograph 90%."  Mr. Offerdahl further recommended to plaintiff that the 42" Beech should be removed, as it represented a critical hazard.

13.     Mr. Offerdahl presented plaintiff with two alternative recommendations in a written proposal of March 11, 2013.  One was to take down the 42" Beech to near grade level and remove all cut wood and debris, at a cost of $3,600.  The second option involved significant pruning of the tree and installation of a tree save cable to increase the structural stability of the leader that was not decayed.  The disclosed cost of the pruning option was $1,920.

14.     To assist plaintiff in weighing these two options, Mr. Offerdahl stated that the pruning option was a medium term measure; that the pruned tree would at best last only another several years; and that such pruning imposed other risks to the tree by creating cut areas susceptible to infection.

15.     Based on these representations, plaintiff felt the proper choice was to agree to the removal, rather than severe disfigurement, of the 42" Beech.

16.     Plaintiff did not sign the written proposal or otherwise agree to any of the terms and conditions stated in fine print on the back of it.

17.     In reliance upon the representations of Mr. Offerdahl, plaintiff did, however, agree with defendant that Sav-A-Tree should remove the 42" Beech at the stated price of $3,600.

18.     Sav-A-Tree initiated the removal of the 42" Beech on April 9, 2013.  On that day, Sav-A-Tree cut the lead that was not decayed and removed the wood from the Property.

19.     On the next day, Sav-A-Tree cut down the ostensibly decayed lead and placed the wood in a Sav-A-Tree container in the driveway on the Property.

20.     Toward the end of the work day, plaintiff returned home and inspected the wood in the Sav-A-Tree container. Based on his own knowledge and experience, plaintiff told Mr. Offerdahl that the decay was far less than had been represented to him by Sav-A-Tree.

4

21.     Mr. Offerdahl disputed plaintiff's observations as unfounded.   In response, plaintiff insisted, over Sav-A-Tree's opposition, on retaining the wood from the supposedly decayed lead for further analysis.

22.     Plaintiff had a District of Columbia licensed arborist and tree specialist, ISA Certified Arborist Keith C. Pitchford, inspect the retained wood the same week Sav-A-Tree cut down the tree.  Mr. Pitchford concluded that Sav-A-Tree's resistograph study was unreliable, and that the 42" Beech was not hazardous and did not require removal.

23.     Subsequently,   arborists   from   the   District   of   Columbia   Urban   Forest Administration ("UFA") came out to the Property and inspected the remains of the 42" Beech on site.  They likewise concluded that the 42" Beech was not hazardous.

24.     During the process of removing the 42" Beech, Sav-A-tree damaged other features on the Property, including a stone wall and stairs, a decorative redbud tree, a maple tree and two oak leaf hydrangeas near the 42" Beech.

25.     As part of the agreement between plaintiff and Sav-A-Tree to remove the 42" Beech, Mr. Offerdahl assured plaintiff he would obtain any needed tree removal permit from the UFA.

26.     Subsequently, Mr. Offerdahl advised plaintiff by email that Sav-A-Tree had made application for such a tree removal permit with UFA.

27.     Mr. Offerdahl later advised plaintiff that the permit Sav-A-Tree sought from UFA for removal of the 42" Beech had in fact been obtained.

28.     Plaintiff relied on the representations of Mr. Offerdahl regarding obtaining a tree removal permit from UFA, and did not participate in the permit application process.

29.     In fact, the permit Sav-A-Tree made application for, i.e., Permit No. 5807, was never finally approved by UFA, whether before or after Sav-A-Tree removed the 42" Beech.

30.     As a result, plaintiff has been under investigation by the District of Columbia for destruction of a non-hazardous specimen tree without first obtaining the requisite tree removal permit.

## COUNT ONE
### (Breach of Contract)

31.     Plaintiff repeats and realleges, as if set forth fully herein, paragraphs 1-30 of the Complaint.

32.     The agreement between plaintiff and Sav-A-Tree contained the agreed understanding between the parties that (a) the 42" Beech would be removed only if it was hazardous; and (b) Sav-A-Tree would not damage other trees and plants growing on the Property or damage improvements to the Property.

33.     Sav-A-Tree nevertheless removed the 42" Beech even though it was not hazardous.

34.     The acts and omissions of Sav-A-tree in removing the 42" Beech from the Property and damaging plaintiff's stone wall and stairs, a decorative redbud tree, a maple tree and two oak leaf hydrangeas near the 42" Beech, were in breach of the contract between plaintiff and defendant.

35.     The aforesaid breach of contract by Sav-A-Tree damaged plaintiff, in the amount of at least $100,000.00.

36.     Plaintiff's damages include loss of the 42" Beech, repair costs for damage to plaintiff's stone wall and stairs, the economic value of damages caused by Sav-A-Tree to the

redbud tree and other trees on the Property, and expenses incurred in responding to the District of Columbia investigation into the removal of the 42" Beech.

## COUNT TWO
### (Negligent Misrepresentation)

37.     Plaintiff repeats and realleges, as if set forth fully herein, paragraphs 1-30 of the Complaint.

38.     Sav-A-Tree, through Mr. Offerdahl, negligently communicated to plaintiff the false statement that the 42" Beech was sufficiently hazardous that it should be removed.

39.     Whether or not the 42" Beech was sufficiently hazardous that it should be removed was a material factor in plaintiff's decision to have Sav-A-Tree remove the 42" Beech from the Property.

40.     Plaintiff reasonably relied on the false statement of Mr. Offerdahl to his detriment during the time plaintiff was considering having the 42" Beech removed from the Property, and also during and after such removal by Sav-A-Tree.

41.     Plaintiff would not have agreed to removal of the 42" Beech by Sav-A-Tree but for Mr. Offerdahl's false statements, and Sav-A-Tree intended or should have recognized that plaintiff would rely upon those statements in authorizing removal of the 42" Beech.

42.     Defendant's negligent misrepresentations to plaintiff, as aforesaid, were the proximate cause of damage to plaintiff in the amount of at least $100,000.

43.     Plaintiff's damages include loss of the 42" Beech, repair costs for damage to plaintiff's stone wall and stairs, the economic value of damages caused by Sav-A-Tree to the redbud tree and other trees on the Property, and expenses incurred in responding to the District of Columbia investigation into the removal of the 42" Beech.

## COUNT THREE
### (Negligent Misrepresentation)

44.     Plaintiff repeats and realleges, as if set forth fully herein, paragraphs 1-30 of the Complaint.

45.     Apart from any damage to trees and property of plaintiff, defendant overcharged plaintiff for the work done on the Property in the amount of $1,513.30.

46.     The agreed amount for the work done was $4,050, consisting of $450 for the resistograph study and $3,600 for tree removal.  An additional $575 was specified to grind the stump of the 42" Beech, but this work was never done.

47.     Without plaintiff's consent, defendant charged plaintiff's credit card $5,563.30 in three separate charges of $477, $1,200 and $3,893.30, for its work on the Property.

48.     Plaintiff has paid the aforesaid credit card charges, and is therefore entitled to a refund of the overcharge by defendant, in the amount of $1,520.30.

49.     Defendant has failed to refund the overcharge, thereby damaging plaintiff in the amount of $1,513.30, in breach of his agreement with defendant.

### DECLARATORY RELIEF

50.     Plaintiff seeks a declaratory judgment that plaintiff delegated responsibility to defendant to ensure that removal of  the 42" Beech was in accordance with the laws, regulations and permitting requirements of the District of Columbia relating to specimen trees..

### COMPENSATORY DAMAGES AND OTHER RELIEF

51.     Plaintiff is entitled to an award of compensatory damages upon prevailing on one or more Counts in the Complaint, in the amount of at least $100,000.00.

**WHEREFORE**, plaintiffs pray that:

1.      The Court enter judgment against defendant on all Counts in the amount of at

least $100,000;

2.      Plaintiff be awarded the declaratory relief requested;

3.      Plaintiff be awarded costs of suit and reasonable attorney's fees; and

4.      The Court grant such other, further or different relief as the case may require and

that the Court may deem just and proper under the circumstances.


## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable in this case.



Respectfully submitted,


David W. Brown, Bar No. 415429
KNOPF & BROWN
401 E. Jefferson Street, Ste. 206
Rockville, MD  20850
(301) 545-6100
brown@knopf-brown.com
Attorney for Plaintiff

August 6, 2014

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Thomas Schehl

Case Number: _____

vs

Date: _8/6/14_

Natures Trees, Inc. d/b/a
SAV-A-TREE

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* David Brown | Relationship to Lawsuit |
|---|---|
| Firm Name: Knopf & Brown | ☒ Attorney for Plaintiff |
| Telephone No.: 301 545 6100    Six digit Unified Bar No.: 415429 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ _100,000_    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                                        **COLLECTION CASES**

☒ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

---

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                        ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy                    Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander                 ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution             ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal                 ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile,      ☐ 23 Tobacco
                                      Not Malpractice)                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
  Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____          7/6/14
Attorney's Signature                              Date

CV-496/Jun 13